IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **FREDERIC SCHNEIDER** § | |
| *Plaintiff* § | |
| v. § | |
| § | |
| § | CIVIL ACTION NO. 5:21-cv-12 |
| § | |
| **DANNY'S TRUCKING, LLC** § | |
| **AND HUGO TORRES VILLANUEVA** § | |
| *Defendants* § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DANNY'S TRUCKING, LLC,** a Defendant in the above-referenced matter, and files this its Notice of Removal under 28 U.S.C. § 1332(a), 1441, and 1446, removing this civil action from the 341st Judicial District Court in Webb County, Texas, where it is currently pending as Cause Number 2020-CVK002199D3, to the United States District Court for the Southern District of Texas, Laredo Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Frederic Schneider is a resident, citizen, and domiciliary of the State of Hawaii. Defendant Danny's Trucking, LLC is corporation and a resident of the State of Texas doing business with a principal office in Laredo, Texas. Defendant Huge Torres Villanueva is an individual residing in Matamoros, Mexico.

# I.
# INTRODUCTION

1. On December 18, 2020, a lawsuit was filed in the 341st District Court of Webb County, Texas where it is currently pending as Cause Number 2020-CVK002199D3. *See Exhibit A, Plaintiff's Original Petition*, a true and correct copy of which is attached hereto and incorporated herein.

2. In the Petition, Plaintiff Frederic Schneider filed suit against Defendants Danny's Trucking, LLC and Hugo Torres Villanueva, asserting negligence and negligence *per se* on the part of Defendant Villanueva and direct negligence and *respondeat superior* on the part of Defendant Danny's Trucking, LLC

3. In the Petition, Plaintiff's pleading establishes complete diversity between the parties as well as an amount in controversy in excess of $75,000.00. *Id.*

4. Plaintiff Frederic Schneider is a resident and citizen of Hawaii. *Id.* at ¶ 4.

5. Defendant Danny's Trucking, LLC is a corporation with its principal place of business in Webb County, Texas and is a Texas citizen. *Id.* at ¶ 5.

6. Defendant Huge Torres Villanueva is a Mexican citizen residing in Matamoros, Mexico. *Id.* at ¶ 6.

7. Plaintiff seeks monetary relief over $1,000,000.00. *Id.* at ¶ 13.

8. Defendant Danny's Trucking, LLC was served with suit on January 8, 2021. Defendant, therefore, has filed this Notice of Removal within the thirty-day time period required by federal law. Based upon the District Court's file, Defendant Hugo Torres Villanueva has not been served.

## II.
## GROUNDS FOR REMOVAL

9. As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### A. The Amount-In-Controversy Requirement is Satisfied.

10. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of Seventy-five Thousand and No/100 Dollars ($75,000.00). Plaintiff's Original Petition, attached to this Notice, alleges damages "over $!,000,000.00," This Court, however, may determine that the damage claims in the complaint exceed the minimum amount if (1) it is apparent on the face of the complaint that the amount of the Plaintiff's damages are likely to be above the minimum amount; (2) the Defendant offer evidences that the claim would exceed the minimum amount, based on direct knowledge of the claim; and (3) the Plaintiff does not contest removal with a sworn affidavit that the damages are below the minimum amount. *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Based upon the evidence attached to this Notice of Removal supporting that the claim exceeds the minimum amount, the burden now shifts to the Plaintiff to demonstrate otherwise before remand would be proper on this ground. *See DeAguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

### B.     Complete Diversity of Citizenship Exists

11.     For diversity purposes, a person is considered a citizen of the state where that person is domiciled. Additionally, for diversity purposes, a corporation is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. §1332(c)(1). Because the Plaintiff does not share citizenship with any of the Defendants in any state, removal is proper on diversity grounds.

12.     In their live pleading Plaintiff alleges he is a resident of Hawaii. *See Exhibit A, Plaintiff's Original Petition*, at ¶ 4. Plaintiff allege that Defendant Danny's Trucking, LLC is a Texas corporation doing business in Texas. *Id. at* ¶ 5. Finally, Plaintiff alleges that Defendant Huge Torres Villanueva is a Mexican citizen residing in Matamoros, Mexico. *Id. at* ¶ 6. As such, complete diversity exists pursuant to (28 U.S.C. § 1332(a)(1).

### C.     The Other Prerequisites for Removal Are Satisfied.

13.     This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Defendant Danny's Trucking, LLC was served on January 8, 2021 and has filed this removal within thirty days after the receipt of the initial pleading setting for the claim for relief.

## III.
## CONCLUSION

14.     The Defendants are now and were at the time the removed action was commenced, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332. Accordingly, because this notice of removal has been filed within thirty days after the receipt of a copy of the initial pleading setting forth the claim for relief, this removal is proper and timely under 28 U.S.C. §1446(b).

15. This action is properly removed to the United States District Court for the Southern District of Texas, Laredo Division, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2). This statement is not meant as a waiver of any argument that venue is improper in the location in which the State Court Action was filed, but merely demonstrated the propriety of removing the action to this federal judicial district.

16. Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action to be included with this Notice of Removal. Accordingly, all pleadings, process, orders, and all other filings in the State Court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

17. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which the action has been pending.

18. Defendant hereby demands a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

WHEREFORE, **DANNY'S TRUCKING, LLC,** as party in diversity with the Plaintiff, respectfully requests that this action be immediately and entirely removed upon filing this Notice of Removal to the United States District Court for the Southern District of Texas, Laredo Division, and for such other and further relief to which it may show itself to be justly entitled.

        Respectfully submitted,

        */s/ Clinton Cox*
        **CLINTON COX**
        State Bar No. 24040738
        ccox@coxpllc.com
        **JAS S. BRAICH**
        State Bar No. 24033198
        jbraich@coxpllc.com
        8144 Walnut Hill Lane
        Suite 1090
        Dallas, Texas 75231
        (214) 444-7050
        [Fax] (469) 340-1884

        **ATTORNEYS FOR DEFENDANT DANNY'S TRUCKING, LLC**

## CERTIFICATE OF SERVICE

    THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorneys of record pursuant to the Federal Rules of Civil Procedure on this the **5th** day of **February 2021**.

        */s/ Clinton Cox*
        **CLINTON COX**

# EXHIBIT A

Filed
12/18/2020 9:04 AM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2020CVK002199D3

CAUSE NO. 2020CVK002199D3

| | | |
|---|---|---|
| Frederic Schneider, § | | IN THE DISTRICT COURT OF |
| *Plaintiff*, § | | |
| § | | |
| v. § | | WEBB COUNTY, TEXAS |
| § | | |
| Danny's Trucking, LLC, and § | | |
| Hugo Torres Villanueva, § | | |
| *Defendants*. § | | _____ JUDICIAL DISTRICT |

## Plaintiff's Original Petition

Plaintiff Frederic Schneider files this petition against Defendants Danny's Trucking, LLC and Hugo Torres Villanueva (collectively "Defendants") and would respectfully show that:

### I.

### Discovery Level

1. Plaintiff intends to conduct discovery in this matter under Level 2 of the Texas Rules of Civil Procedure.

### II.

### Jurisdiction and Venue

2. This Court has personal jurisdiction over the Defendants because they are entities and/or individuals doing business in Texas and/or the cause of action accrued in Texas.

3. Venue is proper pursuant to TEX. CIV. PRAC. & REM. CODE §15.002.

### III.

### Parties

4. Plaintiff is a resident and citizen of Hawaii.

5. Defendant Danny's Trucking, LLC is a corporation with its principal place of

business in Webb County, Texas. Defendant is a Texas citizen. Defendant may be served with process through its registered agent, Jose S. Garza, Jr., 2820 Patron Loop, Laredo, TX 78045.

6. Defendant Hugo Torres Villanueva ("Driver") is a Mexican citizen. He may be served with process at his residence C Legislacion 262, Matamoros, MX 87477 or wherever else he may be found.

## IV.

## Facts

7. This lawsuit necessary as a result of a motor vehicle accident that occurred on or about August 2, 2020. On the date in question, Defendants' vehicle violently struck Plaintiff's vehicle after Defendant Driver failed to control his speed as traffic was coming to a halt. The investigating officer determined that Defendant Driver was at fault, cited Defendant Driver for failure to control speed, and authored a crash report including the diagram pictured below:



2

8. The collision caused catastrophic damage to Plaintiff's vehicle and was towed from the scene. The damage is pictured below:





9. As a result of the collision, Plaintiff and his 8-year-old son, who was riding in the back seat at the time of the collision, were taken to the hospital by ambulance for immediate medical care. Plaintiff was diagnosed with shoulder pain caused by motor vehicle collision.

10. The incident occurred as a direct and proximate result of Defendants' negligence, negligence *per se*, and gross negligence when Defendants:

    a. Failed to control their vehicle's speed;

    b. Failed to yield;

    c. Failed to keep a proper lookout;

    d. Failed to pay attention to their surroundings;

    e. Failed to operate their vehicle safely;

    f. Failed to take evasive action to avoid the collision;

    g. Failed to exercise caution;

    h. Failed to maintain a safe distance;

    i. Failed to train its employees;

    j. Failed to supervise its employees;

    k. Violated applicable, local, state, and federal laws and/or regulations;

    l. Vicariously liable for the conduct of its agents and/or employees;

    m. Negligently entrusted a vehicle to an unlicensed, incompetent, and/or reckless driver; and

    n. Other acts deemed negligent.

11. As a result of Defendants' conduct, Plaintiff sustained severe injuries to his back, head, neck, right shoulder, left forearm, and other parts of his body, which resulted in

physical pain, mental anguish, disfigurement, and other medical problems. Plaintiff has already undergone a surgical procedure as a result of the injuries he sustained in the collision. Plaintiff has sustained severe pain, physical impairment, discomfort, disfigurement, mental anguish, and distress. In all reasonable probability, Plaintiff's medical problems, disfigurement, physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

12. In addition, Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's and others' health and safety. Defendants were objectively aware of the extreme risk posed by the conduct which caused Plaintiff's injury, but did nothing to rectify them. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk. Accordingly, Plaintiff is entitled to and seek exemplary damages.

13. Pursuant to Rule 47, Plaintiff seeks monetary relief within the jurisdictional limits of this Court and over $1,000,000.00.

## V.

## **Jury Demand**

14. Plaintiff hereby demands a trial by jury.

## VI.

## Prayer

Plaintiff prays that citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly and severely, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason A. Itkin*
Jason A. Itkin
Texas Bar No. 24032461
Cory D. Itkin
Texas Bar No. 24050808
Ryan S. MacLeod
Texas Bar No. 24068346
Michael R. Darling
Texas Bar No. 24105778
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jaiteam@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
rmacleod@arnolditkin.com
mdarling@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**